10814

### STATE v. SMITH *ET AL.*

(110 S. E. 400)

1. LARCENY—CORPUS DELECTI HELD SUFFICIENTLY SHOWN IN PROSECUTION FOR LIVE STOCK THEFT.—In a prosecution for larceny of live stock, where evidence showed that complaining witness owned a calf that was kept in a certain pasture, that it disappeared, and several days later the head, feet, tail, and entrails of a calf were found hidden in a nearby stump, and that a hide that looked like the hide of the missing calf was found at a dealer's in a nearby town, there was sufficient evidence upon which the jury could find that there had been a larceny of the calf.

2. LARCENY—EVIDENCE HELD SUFFICIENT TO SUSTAIN CONVICTION OF LARCENY OF A CALF.—Evidence *held* sufficient to sustain a conviction of larceny of a calf.

3. LARCENY—GUILT OF LARCENY OF CALF HELD FOR JURY.—Question whether defendants were guilty of larceny of a calf *held* properly submitted to jury.

Before MOORE, J., Spartanburg, August, 1921. Affirmed.

John Smith and Tom Howard indicted for larceny of live stock and upon conviction appeal.

*Mr. C. P. Sims,* for appellant, cites: *Not an element of the crime being proven a verdict should have been directed*: 19 S. E., 106; 94 S C., 871. *Where facts are equally subject to two constructions—one of guilt and one of innocence —the latter should be adopted*: 78 S. E., 866.

*Mr. I. C. Blackwood,* Solicitor. Oral argument.

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an indictment for larceny of live stock. At the close of the testimony for the State, and again at the close of all the testimony, the defendants moved for the direction of a verdict of not guilty. These motions were refused.

From the refusal to direct a verdict and the judgment of guilty, the defendants appealed. The grounds of appeal will be considered in their logical order:

I. (1) That there was no evidence that there had been a larceny of live stock.

There was evidence to show that Mr. G. B. Mashburn owned a calf that was kept in a certain pasture; that the calf disappeared, and a day or two later the head, feet, tail, and entrails of a calf were found hidden in a nearby stump; that a hide that looked like the hide of the missing calf was found at a dealer's in Spartanburg. That was sufficient evidence upon which the jury could find the fact that the calf had been stolen, and this position cannot be sustained.

II. (2) That there was no evidence that the defendants killed and stole the calf.

There was found tracks similar to the tracks of the appellant Smith and another man leading from the place where the head, etc., of the calf were found, and these tracks led to the house of Smith; that Smith had sold the body of a calf to a man in Spartanburg, and the hide of a calf that looked like that of the missing calf to another dealer. Much stress is laid upon the fact that Mashburn said he could not swear that the hide he inspected at the store of the man who bought the hide from appellant Smith was the hide of the missing calf. It was for the jury to say whether a man could be certain about the matter or not. If the jury believed that a man could not speak with certainty about so doubtful a matter, then they would respect this witness more for his caution and give greater weight to his testimony. There was evidence that Smith and Howard were together on the day the calf was missed and both had guns, and the head that was found showed that the calf had been shot. There was evidence to show that Smith had denied that he sold any calf that day, and evidence that he had

sold a dead calf. There was evidence to the contrary, but that made a question of fact for the jury.

His Honor did not err in submitting the case to the jury, and there was sufficient evidence to sustain a verdict of guilty.

III. The third position is that the evidence did not exclude every other hypothesis. That was a question for the jury, and the objection is overruled.

The judgment appealed from is affirmed.

MR. JUSTICE WATTS did not participate on account of sickness.